IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

### Wheeling Division

DIANA MEY, on behalf of herself and others
similarly situated,

    Plaintiff,

v.                                                        Civil Action No. 5:20-cv-00209-JPB

ADT, INC.,
SAFE STREETS USA, LLC, and
PERFECTVISION MANUFACTURING, INC.,

    Defendants.

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT PERFECTVISION MANUFACTURING MOTION FOR PROTECTIVE ORDER

### Argument Summary

The Court should deny Defendant PerfectVision Manufacturing, Inc.'s Motion for Protective Order because PerfectVision has not complied with its Rule 26 obligations to meet-and-confer before seeking Court intervention. In fact, Plaintiff actually *agreed* to PerfectVision's request for a discovery extension, if PerfectVision would provide information needed to obtain call records. PerfectVision failed to respond to this compromise proposal before filing its motion. Moreover, PerfectVision's motion overlooks the fact that Plaintiff has been trying, without success, to obtain call records information for almost two months. PerfectVision has had plenty of time to respond to the discovery, and if it objected on overbreadth or other grounds, it should have made those objections in its responses rather than raising them with Plaintiff for the first time via a motion for protective order.

## Factual Background

As the Court knows, telephone calling records are necessary to identify class members in Telephone Consumer Protection Act class actions. Here, Plaintiff's counsel believed that the illegal calls at issue were placed for ADT not by Defendant PerfectVision, but by a vendor for PerfectVision that only PerfectVision itself could identify.

For this reason, Plaintiff's counsel reached out to PerfectVision's counsel at the outset of the litigation. On October 1, 2020, the undersigned contacted PerfectVision's counsel to discuss the location, preservation, and production of telephone calling records. (Exhibit 1.) After Defendant's counsel requested time to consult with his client, the undersigned followed up, via telephone on October 7 and email on October 8, 2020. (Exhibit 2.) In response, Defendant's counsel stated that he "hadn't had a chance to connect with [his] client," but that his client's "position [was] that it has taken the appropriate steps to ensure that its own documents are preserved, but it cannot control what other entities other than itself do." (*Id.*)

This answer was not responsive to Plaintiff's request for information. Plaintiff's counsel immediately responded: "[U]nderstood, but what are those steps that [PerfectVision] has taken? I do need to know what your client has done to identify the alleged callers and notify its vendors of the need to preserve all call records." (*Id.*) At the time, Plaintiff's counsel was considering seeking a temporary restraining order as a means of ensuring the production of call records, and, before pursuing that route or involving the Court in any way, Plaintiff's counsel wanted to exhaust informal efforts to obtain information. Plaintiff believed — and this later turned out to be correct — that PerfectVision could identify the calling party, and Plaintiff needed this information so she could subpoena that entity for call records.

Defendant did not respond to Counsel's October 8 questions. Having received no information about the identity of the calling party or even PerfectVision's efforts to identify it,

Plaintiff on November 9, 2020 moved for leave to serve discovery requests prior to a Rule 26(f) conference. (Doc. 10.) The Court granted the motion on November 12. (Doc. 13.)

The next day — six weeks after Plaintiff first requested this information — PerfectVision finally identified the entity it believed was responsible for the call to Plaintiff. (Exhibit 3.) PerfectVision also stated it could not answer the discovery in ten days as the Court directed, and asked for Plaintiff's agreement to an extension. (*Id.*) That same day, the undersigned stated he would agree to the extension, if PerfectVision would advise as to the location of the call records, and the dialing platform that was used, so Plaintiff could serve that entity with a subpoena. (*Id.*)

Again, PerfectVision did not respond to the proposal. Plaintiff's counsel followed up yet again, on November 18, 2020. (Exhibit 3.) No response.

Instead of responding to the proposed compromise, PerfectVision moved for a Protective Order on November 23, 2020, the day the responses were due. (Doc. 15.)

**Argument**

Before seeking a protective order, a party must confer in good faith in an effort to resolve the dispute without court intervention. Fed. R. Civ. P. 26(c)(1). The Court should deny the motion because PerfectVision did not comply with this obligation before seeking a protective order.

In fact, Plaintiff actually *agreed* to PerfectVision's request for thirty days to respond, *if* PerfectVision would provide basic information about the location of the calling records and the platform used to place the calls so Plaintiff could subpoena those entities. (*See infra* ¶ 6 and Exhibit 3.) This was a reasonable request, and PerfectVision's refusal even to respond to it is, to date, unexplained, and PerfectVision's motion makes no reference to Plaintiff's proposed compromise.

3

PerfectVision complains about the breadth of the discovery requests, but never approached Plaintiff's counsel with these concerns before moving for a protective order, again in violation of its meet-and-confer obligations. Had it done so, Plaintiff would have agreed to modifications; Plaintiff's only concern at this stage is obtaining call records and identifying responsible parties – a reasonable concern, and one that PerfectVision has not accommodated.

Plaintiff has requested the information sought by her written discovery for almost two months. PerfectVision could have timely responded to Plaintiff's discovery, and stated objections if it had any, and the parties would have met-and-conferred and possibly reached an agreement. PerfectVision also could have responded to Plaintiff's proposed compromise. Instead, PerfectVision has chosen to provide evasive nonresponses to direct questions, failed to comply with its meet-and-confer obligations, and played hide the ball.

## Conclusion

The Court should deny PerfectVision's motion and direct it to immediately answer Plaintiff's written discovery.

Plaintiff,<br>
By Counsel,

  /s/ John W. Barrett
John W. Barrett (W.Va. Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Sharon F. Iskra (WV Bar No. 6582)
BAILEY& GLASSER LLP
209 Capitol Street
Charleston, WV   25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com

4837-4589-2819, v. 1

Edward A. Broderick
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, MA   02110
Telephone:  (617) 738-7080
ted@broderick-law.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA   01760
Telephone:  (508) 655-1415
mmcue@massattorneys.net

*Counsel for Plaintiff*

4837-4589-2819, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of November, 2020, the foregoing **Plaintiff's Response in Opposition to Defendant PerfectVision Manufacturing Motion for Protective Order** was served upon the Clerk of Court using the CM/ECF System.

/s/ John W. Barrett
John W. Barrett