IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY**, on behalf of herself
and others similarly situated,

        Plaintiffs,

v.                                  **CIVIL ACTION NO. 5:20-CV-209**
                                            Judge Bailey

**ADT, INC.,**
**SAFE STREETS USA, LLC**, and
**PERFECTVISION MANUFACTURING, INC.**,

        Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO STAY

Pending before this Court is Defendants' Motion to Stay [Doc. 40] and accompanying Memorandum of Law [Doc. 41], filed January 6, 2021. Plaintiff filed a Response in Opposition [Doc. 46], and defendants filed a Reply [Doc. 53]. Accordingly, this matter is now ripe for adjudication. For the reasons contained herein, this Court will deny the Motion.

Plaintiff filed the underlying Complaint [Doc. 1] on September 25, 2020, alleging violations of Sections 227(b) and 227(c) of the Telephone Consumer Protection Act ("TCPA"). One of the issues in this action is whether plaintiff received any telephone calls from an automatic telephone dialing system ("ATDS") without her consent, as that term is defined under the TCPA. *See* 47 U.S.C. § 227 *et al*. Defendants identify that the interpretation of the term ATDS has been the recent subject of a deepening circuit split over whether it encompasses any device that can store and automatically dial telephone numbers, even if the

1

device does not use a random or sequential number generator. *See* [Doc. 41 at 1–2]. As identified by the parties, the Supreme Court of the United States granted certiorari in a matter expected to resolve this very question concerning ATDS. *See **Duguid v. Facebook, Inc.**,* 926 F.3d 1146 (9th Cir. 2019), *cert. granted in part,* 141 S.Ct. 193 (U.S. July 9, 2020) (No. 19-511). Defendants request this Court to stay this proceeding pending the issuance of the Supreme Court of the United States' opinion in *Facebook*, arguing that decision will directly impact questions concerning liability and the direction and scope of discovery in the underlying matter. *See* [Doc. 41 at 7–8].

Plaintiff argues against a stay by asserting that no matter the outcome in *Facebook*, this case will proceed. *See* [Doc. 46 at 1]. According to plaintiff, in addition to her claims concerning violations of the ATDS provisions at issue in *Facebook*, she has also alleged violations of the TCPA's provisions prohibiting calls to persons whose number are listed on the National Do Not Call Registry. [Id.]. Plaintiff argues that these allegations will not be impacted by the resolution in *Facebook*. Moreover, plaintiff asserts that even if the decision in *Facebook* instructs a narrow interpretation of ATDS, plaintiff would still be entitled to conduct discovery regarding the dialing system that placed the call in question. [Id. at 2].

"The proponent of a stay bears the burden of establishing its need." ***Clinton v. Jones**,* 520 U.S. 681, 708 (1997) (internal citations omitted). The proponent "must make out a clear case of hardship or inequity in being required to go forward." ***Landis v. N. Am. Co.**,* 299 U.S. 248, 255 (1936). In determining whether to grant a stay, this Court has utilized three factors: (1) the interests of judicial economy, (2) hardship and equity to the moving party if the action

2

is not stayed, and (3) potential prejudice to the non-moving party. *Mey v. Got Warranty, Inc.*, 2016 WL 1122092, at *1 (N.D. W.Va. June 30, 2016) (Bailey, J.).

As identified by plaintiff, none of these factors support a stay in this matter. Because plaintiff alleges claims concerning the National Do Not Call registry, which are unrelated to the ATDS issue to be decided in *Facebook*, this case will proceed regardless of how the Supreme Court of the United States interprets the definition of ATDS. Further, regardless of the outcome in *Facebook*, discovery in this matter will need to continue to determine the manner in which the underlying dialing system placed the call at issue. For these reasons, judicial economy would not be served by a stay, and there is no tangible hardship to defendants in denying the requested stay.

Accordingly, Defendants' Motion to Stay [**Doc. 40**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 17, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**